IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff | |
| vs | CRIMINAL 05-133CCC |
| 1) MALDONADO-CABRERA<br>a/k/a Teo (Counts One and Tow)<br>2) JAVIER REYES-TORRES<br>a/k/a Héctor (Counts One and Two)<br>3) NORMA I CARTAGENA<br>a/k/a I've (Counts One and Two)<br>4) RAUL MEDINA-CRUZ<br>a/k/a Juanito (Counts One and Two)<br>5) NORMA J. FLORES-COLON<br>a/k/a Judith (Counts One and Two)<br>**6) LUIS D. MARTINEZ-RUIZ**<br>a/k/a Davisito (Counts One and Two)<br>7) RUBEN LUGO-CARTAGENA<br>a/k/a Rubencito (Counts One and Two)<br>8) JOSEAN PiñERO-RODRIGUEZ<br>a/k/a Josean (Counts One and Two)<br>9) JOSE MIGUEL VEGA-RIVERA<br>a/k/a Gelin (Counts One and Two)<br>10) MARCOS CHUPANI-MALAVE<br>a/k/a Marquitos (Counts One and Two) | |
| Defendants | |

# O R D E R

Having considered all of the relevant documents regarding the Motion to Suppress filed by defendant Luis D. Martínez-Ruíz on August 23, 2005 (**docket entry 115**) and U.S. Magistrate-Judge Delgado-Colón's concerns on whether there was indeed a need for an evidentiary hearing, as well as her Order on defendant's Motion for Disqualification issued on October 5, 2005 (**docket entry 137**), the Request for Review of Magistrate's Refusal to Disqualify Herself filed by defendant Martínez-Ruíz on October 27, 2005 (**docket entry 141**) and the government's response to defendant's Request for Review filed on October 31, 2005 (**docket entry 144**), said Request for Review is DENIED.

CRIMINAL O5-0133CCC                         2

        The Court is convinced that Magistrate-Judge Delgado-Colón neither had feelings of
bias or prejudice against defendant Martínez-Ruíz nor prejudged the merits of his motion to
suppress.  After the government made its final response to the motion to suppress (docket
entry 128) and informed that all the attorneys in this case, including defendant's attorney
Alexander Zeno, had the opportunity to inspect the equipment used during the recording of
the conversations and further informed in that and other motions that the case agent had
explained how the recordings were made and under what circumstances, including the fact
that the other party to the recorded conversations was a government informant, the
Magistrate-Judge felt that the evidentiary hearing was not necessary and discussed the
matter with counsel.  Mr. Zeno's interpretation of the Magistrate-Judge's motives as improper
are not supported by the record.  What the record reflects is a legitimate concern over the
wise use of judicial resources in a situation which justified it.  Defendant and his counsel insist
that it is the government that has to prove that the conversations were consensual, although
it is undisputed that the conversations are between the defendant and a government
informant, in his role as an informant, who used government equipment to record the same.
It is defendant who is challenging the admissibility of the conversations and who has the
burden of establishing their inadmissibility as trial evidence.  After reviewing the record, the
Court concludes that there is no need for an evidentiary hearing in this case to determine the
consensual nature of the recorded conversations.  If defendant has other reasons in support
of suppression, he shall state them in detailed form in an informative motion to be filed on or
before JANUARY 12, 2006.

        Attorney Zeno is admonished that he must address the Magistrate-Judge with the
respect due to her personally and to the position that she holds.  Calling her a liar, as he has
done at page 7 of the Request for Review, places him at the threshold of incurring in
contempt of court.

        The Magistrate-Judge will determine whether movant raises in his Informative Motion
any matter, other than the consensual issue which has been discarded, which justifies the

CRIMINAL O5-0133CCC                              3

setting of an evidentiary hearing on the suppression motion.  If she rules in favor of a hearing, the same shall be scheduled by her to be held no later than JANUARY 25, 2006.

SO ORDERED.

At San Juan, Puerto Rico, on December 22, 2005.

S/CARMEN CONSUELO CEREZO
United States District Judge